IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | | |
|---|---|---|
| KURTIS LEE STEGER,<br>No. A4014822 | )<br>)<br>) | CIVIL NO. 08-00305 SOM-KSC |
| Petitioner, | )<br>) | ORDER DENYING STAY<br>AND DISMISSING PETITION |
| v. | )<br>) | WITH LEAVE TO AMEND |
| TODD THOMAS, Warden, | )<br>) | |
| Respondent.<br>_____ | )<br>) | |

**ORDER DENYING STAY AND DISMISSING PETITION
<u>WITH LEAVE TO AMEND</u>**

On June 30, 2008, pro se Petitioner Kurtis Lee Steger filed a petition for writ of habeas corpus under 28 U.S.C. § 2254.[1]  Steger is a Hawaii inmate incarcerated at Saguaro Correctional Center in Elroy, Arizona.  On July 22, 2008, the court ordered the parties to address timeliness[2] and whether dismissal or stay was appropriate in light of Steger's admitted failure to exhaust.  (Doc. 3.)

In response, Steger filed a request for stay of petition on August 14, 2008.  (Doc. 4.)  In it, Steger argues that he could not have raised his claims of ineffective assistance of counsel until after his direct appeal was concluded and that he had to file this petition although he had not yet exhausted those claims to

---

[1] To date, Steger has not paid the requisite $5 filing fee, nor has he submitted a properly completed application to proceed in forma pauperis.  (Doc. 6.)

[2] The Petition is timely.

preserve his right to federal review of those claims. *Id.*

On August 21, 2008, Respondent filed a preliminary Answer. (Doc. 7.) In it, Respondent argues that Steger's ineffective assistance of counsel claims are unexhausted and that a stay is not warranted because Steger has not shown good cause for his failure to exhaust.[3] *Id.*

The court finds Steger's ineffective assistance of counsel claims unexhausted. For the following reasons, the court finds that a stay of this action is not warranted. This action is hereby DISMISSED with leave to amend, subject to the conditions below.

## I. LEGAL STANDARD

The exhaustion of available state judicial remedies is ordinarily a prerequisite to obtaining federal habeas corpus relief. 28 U.S.C. § 2254(b)(1)(A); *Picard v. Connor*, 404 U.S. 270, 275 (1971). A petitioner must exhaust all adequate and available state court judicial remedies by presenting to the highest state court a fair opportunity to rule on the merits of every issue sought to be raised in the federal court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 839-40 (1999); *Granberry v. Greer*, 481 U.S. 129, 133-34 (1987). In Hawaii, a petitioner may

---

[3] Respondent also argues that the court need not consider whether a stay is warranted, quoting *Robbins v. Carey*, 481 F.3d 1143, 1147 (9th Cir. 2007) ("a district court is not required sua sponte to consider whether it should stay and abey a mixed habeas petition."). While the court is not required to raise the issue sua sponte, it remains well within the court's discretion to elect to consider whether a stay is warranted, as it does here.

present his claim either on direct appeal or in state collateral proceedings. *Turner v. Compoy*, 827 F.2d 526, 528 (9th Cir. 1987).

A district court has discretion to stay a mixed habeas petition "to allow the petitioner to present his unexhausted claims to the state court in the first instance, and then to return to federal court for review of his perfected petition." *Rhines v. Weber*, 544 U.S. 269, 271 (2005). Stays of mixed petitions are only available in limited situations, when the court determines that the petitioner had good cause for his failure to exhaust, his claims are not plainly meritless, and he has not engaged in "abusive litigation tactics or intentional delay." *Id.* at 277-78. Good cause for failure to exhaust does not require "extraordinary circumstances," but whether a petitioner has "good cause" must be considered in light of the Supreme Court's instruction in *Rhines* that the district court should stay mixed petitions only in "limited circumstances." *Wooten v. Kirkland*, – F.3d –, 2008 WL 3905044 (9th Cir. 2008), *quoting Jackson v. Roe*, 425 F.3d 654, 661-62 (9th Cir. 2005).

## II. DISCUSSION

The court and the parties have already set forth the background of Steger's conviction and state court challenges thereto, which the court need not repeat for the purposes of this Order.

Steger concedes that he has not exhausted his ineffective assistance of

counsel claims, presented in Grounds Two and Three of the Petition. It is undisputed and apparent from the state court records that Steger has exhausted his claim that the State lost or destroyed potentially exculpatory evidence. Thus, Steger's petition is a "mixed petition" of exhausted and unexhausted claims.

Steger's claims are governed by the statute of limitation set forth in 28 U.S.C. § 2244(d)(1). As noted in the order to show cause and file preliminary Answer, the Petition appears to have been timely filed. (Doc. 4.) Because the statute of limitation is not tolled while a habeas petition is pending in the federal court, it has now expired. *See Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999). Thus, if the court dismisses the Petition while Steger pursues his unexhausted claims in the state court, he would be time-barred from bringing those claims back to federal court.

As noted above, a federal district court has discretion to stay a mixed petition only if the court finds (1) there was good cause for the failure to exhaust, (2) the claims are not "plainly meritless," and (3) the petitioner has not engaged in "abusive litigation tactics or intentional delay." *Rhines*, 544 U.S. at 277-78 (2005).

Steger does not appear to have engaged in "abusive litigation tactics," and he denies engaging in intentional delay. (Doc. 4, p. 3.) Moreover, Steger's assistance of counsel claims do not appear "plainly meritless." However, as Steger

4

has not shown good cause for his failure to exhaust these claims, a stay is not warranted here.

Steger says that he did not present his ineffective assistance of counsel claims to any state or federal court "due to a lack of time under AEDPA." (Doc. 1, p. 12). In relevant part, 28 U.S.C. § 2244 provides that:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review
> . . . .
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). Steger does not explain why he failed to file a post-conviction motion in the state court, other than to say he ran out of time. After this court's order to show cause, Steger changed his explanation.

As Respondent correctly points out, Steger did not request a stay in his original Petition. (Doc. 7, pp. 6-7.) However in his request for a stay, Steger submits that, "Petitioner has not filed the unexhausted state court claims yet

because this court has not yet granted the stay of the mixed petition that shall permit federal court review of those claims after petitioner properly exhausts said claims in the state court." (Doc. 4, p. 4.)  This statement does not show good cause for Steger's failure to file any state motion for post-conviction relief between April 10, 2007, when his conviction became final, and June 30, 2008, when his federal habeas petition was filed.

Steger also claims to have been hindered by transfers and a lack of access to the law library at Saguaro Correctional Center.  (Doc. 4, p. 3.)  This argument is rebutted by the record.  Steger had sufficient access to prepare and timely file this federal petition.  Moreover, Steger was sufficiently familiar with the tolling provisions in 28 U.S.C. § 2244(d) to know that he had one year plus ninety days in which to file his Petition.  Steger's vague allegations about transfers and contention that "initially" he did not have full access to legal resources at Saguaro are not sufficient to show good cause for his failure to exhaust.

A stay is "only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." *Rhines*, 544 U.S. at 277 (2005).  Steger has not shown that he has diligently pursued his ineffective assistance of counsel claims.  Steger took no action on these claims in the almost fifteen months since his direct appeal was concluded.

6

Although the pendency of a state post-conviction motion would have tolled the federal habeas statute, Steger inexplicably opted to file his federal petition at a time he could instead have filed a state post-conviction motion. This court FINDS that Steger has not shown good cause for his failure to exhaust his assistance of counsel claims.

A court may not dismiss a mixed petition without first permitting the petitioner the opportunity to amend his petition to delete any unexhausted claims. *Jefferson v. Budge*, 419 F.3d 1013, 1015 (9th Cir. 2005). Petitioner is GRANTED leave to amend his petition to delete the unexhausted claims.

### III.  CONCLUSION

1. Steger's request for a stay is DENIED.

2. The Petition is hereby DISMISSED WITH LEAVE TO AMEND. Within thirty days of the date this order is filed, Steger may file an Amended Petition that includes only his exhausted claims, and that strikes all of the unexhausted claims. The Amended Petition must be on this court's form for habeas petitions, it must include the caption and civil case number used in this order and the words AMENDED PETITION on the first page, and Steger may not incorporate material from the original Petition by reference.

3. Failure to file an Amended Petition **within thirty days** that is in conformity with this order shall result in the dismissal of this action without

prejudice.

      4.  Steger must either pay the filing fee of $5 or submit a properly completed application to proceed in forma pauperis.

      5.  In serving Steger with a copy of this order, the Clerk of Court is DIRECTED to include the court's habeas petition form and an application to proceed in forma pauperis.

      APPROVED AND SO ORDERED:

      DATED: Honolulu, Hawaii; August 29, 2008.



      /s/ Susan Oki Mollway
      SUSAN OKI MOLLWAY
      UNITED STATES DISTRICT JUDGE

*Steger v. Thomas*; CIV. NO. 08-00305 SOM-KSC; ORDER DENYING STAY AND DISMISSING PETITION WITH LEAVE TO AMEND; allison/Habeas 08/Steger 08-305 SOM-KSC (dny stay)