IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | | |
|---|---|---|
| KURTIS LEE STEGER, #A4014822 | ) ) ) | CIVIL NO. 08-00305 SOM-KSC |
| Petitioner, | ) ) ) | ORDER DENYING MOTION FOR RECONSIDERATION |
| v. | ) ) | |
| TODD THOMAS, | ) ) | |
| Respondent. | ) ) | |
| _____ | ) | |

### ORDER DENYING MOTION FOR RECONSIDERATION

On October 2, 2008, pro se Petitioner Kurtis Lee Steger filed a Motion for Reconsideration ("Motion") of the August 29, 2008, Order Denying Stay and Dismissing Petition.  (Doc. No. 13.) Respondent filed a Statement of Opposition to Steger's Motion on October 6, 2008.  (Doc. No. 15.)  Respondent argues that Steger's Motion is untimely.  This court agrees.

Under Rule LR60.1 of the Local Rules of Practice for the United States District Court for the District of Hawai`i

> Motions for reconsideration of interlocutory orders may be brought only upon the following grounds:
>
> (a) Discovery of new material facts not previously available;
>
> (b) Intervening change in law;
>
> (c) Manifest error of law or fact.
>
> Motion asserted under Subsection (c) of this rule must be filed not more than ten (10) business days after the court's written order is filed.

Rule LR60.1.

Steger has failed to demonstrate an intervening change in the law or new material facts not previously under LR60.1(a) or (b).  Steger's Motion is, therefore, brought under LR60.1(c).

As noted, a motion brought under LR60.1(c), must be filed within ten days of the date the court's written order is filed.  Under Rule 6(a) of the Federal Rules of Civil Procedure, "in computing any time period specified in these rules or in any local rules, court order, or statute: . . . [e]xclude the day of the act, event, or default that begins the period . . . [and] [e]xclude intermediate Saturdays, Sundays, and legal holidays when the period is less than 11 days."  In addition, under Rule 6(d), "[w]hen a party may or must act within a specified time after service and service is made under Rule 5(b)(2)(C), (D), (E), or (F), 3 days are added after the period would otherwise expire under Rule 6(a)."  Thus, Steger had up to and including September 19, 2008, to file his Motion.

Under the "mailbox rule," a prisoner's legal document is deemed filed on the date the prisoner delivers it to prison officials for mailing.  *See Houston v. Lack*, 487 U.S. 266 (1988). At the earliest, Steger delivered his Motion to prison officials for mailing on September 25, 2008, the date on which he signed the Motion.  Steger's Motion is, therefore, untimely.

Even if the court found Steger's motion to be timely, his arguments lack merit.  He argues that (1) the standard that

the court applied to determine whether a stay of proceedings was appropriate was too narrow; (2) he had insufficient access to legal resources at the prison law library, and (3) he attempted to exhaust his ineffective assistance of counsel claims.

As to Steger's first and second grounds for reconsideration, he has failed to demonstrate an intervening change in the law, new evidence, or a need to correct an error to prevent manifest injustice to convince this court to reconsider its decision.  This court fully addressed these issues in the August 29, 2008, Order and will not reconsider them here.

In his third ground for reconsideration, Steger argues that he attempted to properly exhaust his ineffective assistance of trial and appellate counsel claims.  Steger says that, although these claims were not included in his Opening Brief to the Intermediate Court of Appeals of the State of Hawai`i ("ICA"), he filed several motions seeking to amend his Opening Brief to include said claims.  Steger states that, because the ICA did not grant any of the motions, he could not present his ineffective assistance of counsel claims and those claims are exhausted.

The court finds Steger's arguments baseless.  First, Steger could not have filed an ineffective assistance of appellate counsel claim in his Opening Brief to the ICA.  It is

unfathomable that Steger's appellate counsel would file a claim stating that he/she provided ineffective assistance to Steger.

Second, Steger has made no showing that the ICA ignored any request to amend his Opening Brief to include an ineffective assistance of trial counsel claim.  Steger supports his argument by attaching one motion that he allegedly filed with the ICA seeking to amend his Opening Brief.  *See* Mot. at Ex. A.  The motion, however, is not file-stamped and dated by the ICA and does not appear on the State's docket as having ever been filed.  *See* Hawaii State Judiciary Ho`ohiki public information.  In addition, and most importantly, Steger's motion does not actually seek to amend his Opening Brief to include an ineffective assistance of trial counsel claim.  *See* Mot. at Ex. A.  Thus, as to Steger's third ground for reconsideration, he has failed to demonstrate a need to correct an error of fact or law to prevent manifest injustice.  This court declines to reconsider its decision.

**CONCLUSION**

For the foregoing reasons, Steger's Motion for Reconsideration of the court's August 29, 2008 Order Denying Stay and Dismissing Petition is DENIED.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, October 15, 2008.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

*Steger v. Thomas*, Civ. No. 08-00305 SOM-KSC; ORDER DENYING MOTION FOR RECONSIDERATION; hmg\Reconsideration\Steger 08-305 SOM (dny recon)