IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | | |
|---|---|---|
| KURTIS LEE STEGER, #A4014822 | ) ) ) | CIVIL NO. 08-00305 SOM-KSC |
| Petitioner, | ) ) ) | ORDER DISMISSING AMENDED PETITION |
| v. | ) ) | |
| TODD THOMAS, | ) ) | |
| Respondent. | ) ) | |

## ORDER DISMISSING AMENDED PETITION

On June 30, 2008, pro se Petitioner Kurtis Lee Steger, a Hawai`i inmate incarcerated at Sagauro Correctional Center in Eloy, Arizona, filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 ("Petition"). Steger presented three grounds for relief: (1) that the State lost or destroyed exculpatory evidence; (2) that he received ineffective assistance of counsel at trial; and (3) that he received ineffective assistance of counsel on appeal. Pet. at 6-9. Steger admittedly failed to exhaust both ineffective assistance of counsel claims. *Id*. at 8-10.

On July 22, 2008, the court ordered the parties to address the timeliness of Steger's Petition and to discuss whether dismissal or a stay was appropriate in light of Steger's admitted failure to exhaust his ineffective assistance of counsel claims. (Doc. No. 3.)

On August 29, 2008, after carefully reviewing

Respondent's preliminary Answer and Steger's Reply, the court found that Steger had not exhausted his ineffective assistance of counsel claims and that a stay was not warranted because Steger had not shown good cause for his failure to exhaust.  The court dismissed Steger's Petition with leave to amend.  (Doc. No. 9.)  The court instructed Steger that his Amended Petition could only include his exhausted claims.

On October 2, 2008, Steger filed a Motion for Reconsideration of the court's August 29, 2008 Order dismissing his Petition.  (Doc. No. 13.)  The court denied Steger's Motion for Reconsideration as untimely on October 15, 2008.  (Doc. No. 16.)

Steger also filed an Amended Petition on October 2, 2008.  (Doc. No. 14).  The Amended Petition raises three grounds for relief: (1) that the State lost or destroyed exculpatory evidence ("Ground One"); (2) that this court ignored Petitioner's attempts to exhaust his ineffective assistance of counsel claims in state court ("Ground Two"); and (3) that this court abused its discretion when it denied Petitioner's request to stay the action ("Ground Three").  For the following reasons, Steger's Amended Petition is DISMISSED with leave to amend.

### LEGAL STANDARD

Under 28 U.S.C § 2254, "[t]he Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in

2

custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or the laws or treatises of the United States."

## DISCUSSION

Grounds Two and Three of Steger's Amended Petition are noncognizable in a petition under 28 U.S.C. § 2254 for a writ of habeas corpus.  It appears to the court, instead, that Steger seeks reconsideration of the court's August 29, 2008 Order.

In Grounds Two and Three, Steger does not challenge his state criminal conviction or resulting sentence.  Rather, Steger challenges this court's August 29, 2008, Order dismissing his unexhausted claims and denying his request for a stay.  Steger has, however, already sought reconsideration of the August 29, 2008 Order, and on October 15, 2008, the court denied Steger's Motion as untimely.  The court also notified Steger that, even if he had filed a timely Motion for Reconsideration, he failed to demonstrate an intervening change in the law, new evidence, or a need to correct an error to prevent manifest injustice to convince this court to reconsider its decision.  Accordingly, the Amended Petition is **DISMISSED with leave to amend**.

## CONCLUSION

1.  Steger's Amended Petition is **DISMISSED with leave to amend.**  Steger is **HEREBY GRANTED** up to and including **November 5, 2008**, to file a Second Amended Petition.

2.  The Second Amended Petition should only include his

exhausted claim, that is, his claim that the State lost or destroyed exculpatory evidence.  The Second Amended Petition: (1) must be on the court's form for habeas petitions, (2) must include the caption and civil case number used in this Order and the words SECOND AMENDED PETITION on the first page, and (3) and may not incorporate material from the original Petition by reference.

3. Failure to file an Amended Petition **on or before November 5, 2008,** that is in conformity with this order, shall result in the dismissal of this action without prejudice.

4. The Clerk of Court is directed to send Steger a new copy of the court's form for habeas petitions.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, October 15, 2008.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

*Steger v. Thomas*, Civ. No. 08-00305 SOM-KSC; ORDER DISMISSING AMENDED PETITION; hmg\Habeas 08\Steger 08-305 SOM (dsm amd pet)