IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| KURTIS LEE STEGER, | ) | CIVIL NO. 08-00305 SOM-KSC |
| | ) | |
| Petitioner, | ) | |
| | ) | FINDINGS AND |
| vs. | ) | RECOMMENDATION TO DENY |
| | ) | SECOND AMENDED PETITION |
| TODD THOMAS, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

## FINDINGS AND RECOMMENDATION TO
## DENY SECOND AMENDED PETITION

Before the court is pro se Petitioner Kurtis Lee Steger's Second

Amended Petition for Writ of Habeas Corpus, filed under 28 U.S.C. § 2254. [Doc.

No. 20.] Steger presents one ground for relief, that is, that the State of Hawaii lost

or destroyed exculpatory evidence prior to his trial. As ordered, on December 3,

2008, Respondent filed an Answer to Steger's Second Amended Petition. [Doc.

No. 24.] On January 23, 2009, Steger filed a Reply to Respondent's Answer.

[Doc. No. 33.]

After careful consideration of the Second Amended Petition, Answer,

Reply, and the entire record before the court, the court **FINDS** that Steger's claim

lacks merit. The court, therefore, **RECOMMENDS** that Steger's Second

Amended Petition be DENIED, and dismissed with prejudice.

# I. <u>BACKGROUND</u>

On October 11, 2002, the Grand Jury of the Second Circuit, State of Hawaii ("circuit court"), indicted Steger on: (1) one count of Promoting a Dangerous Drug in the First Degree in violation of Hawaii Revised Statutes ("Haw. Rev. Stat.") § 712-1241(a)(I) (2001) ("Count One"); (2) five counts of Prohibited Acts Related to Drug Paraphernalia in violation of Haw. Rev. Stat. § 329-43.5 ("Counts Two, Four, Six, Seven and Nine"); (3) one count of Attempted Promoting a Dangerous Drug in the First Degree in violation of Haw. Rev. Stat. § 705-500 and § 712-1241(1)(b)(i) (2001) ("Count Three"); and (4) two counts of Promoting a Dangerous Drug in the Third Degree in violation of Haw. Rev. Stat. § 712-1243(1) (2001) ("Counts Five and Eight").  Ans. at App. A.

Before trial, Steger filed a Motion to Dismiss for Destruction of Evidence ("Motion to Dismiss").  *Id.* at App. B.  Steger argued that the destruction of potentially exculpatory evidence, that is, photographs of the location where drugs were found by police during the search of Steger's apartment, violated his due process rights under the Hawaii State Constitution and the United States Constitution.  *Id.* at 1.  Steger sought dismissal of the charges related to said evidence including Counts One and Two.

2

The State filed a Response in opposition to Steger's Motion to Dismiss and on February 27, 2004, the circuit court held an evidentiary hearing. *Id.* at App. C and D.  At the hearing, Maui County Police Officer Randy Esperanza testified that during the search of Steger's apartment, he found a black bag atop a futon in the living room.  *Id.* at App. D, 23, 27.  Officer Esperanza saw four packets of crystal methamphetamine in the bag as well as personal identification for Steger.  *Id.* at 26-27.  Officer Esperanza testified that he took photographs of the black bag before and after he opened it, including one photograph that depicted the crystal methamphetamine.  *Id.* at 30.  After taking the photograph, Officer Esperanza placed it next to the bag, as is customary.  *Id.* at 31.  At the conclusion of the search, Officer Esperanza collected all of the photographs he had taken, placed them in a manilla envelope and attached the manilla envelope to the police report.  *Id.* at 32-33.  Officer Esperanza testified that he placed the photographs and the police report in the designated bin for delivery to the Maui County Prosecutor's office.  *Id.*  At some point between being placed in the bin and delivery, the photographs were misplaced.  *Id.* at 33.

The circuit court, relying on *Arizona v. Youngblood*, 488 U.S. 51 (1988), as well as state law, denied Steger's Motion to Dismiss finding that Steger: (1) presented no evidence indicating that the photographs would show that the

drugs were *not* in Steger's bag, and thus, were exculpatory; (2) presented no

evidence showing that the loss of the photographs was intentional; and (3) failed to

show that the loss of the photographs rendered the trial fundamentally unfair. *Id.*

at 71-73.   The circuit court concluded that the photographs were not intentionally

destroyed, were not exculpatory, and were not material evidence so critical as to

render the trial fundamentally unfair, resulting in a due process violation.

On April 24, 2004, a jury trial commenced.  At the conclusion of the

trial, the jury found Steger guilty as charged.  Steger was sentenced on June 24,

2004, to twenty years with a mandatory minimum term of five years on Count One;

ten years on Count Three and five years on Counts Two, Four, Five, Six, Seven

and Eight, all terms to run concurrent with credit for time served.  *Id.* at App. Q.

Steger filed a direct appeal of his criminal conviction on July 21,

2004.  *Id.* at App. R.  Steger argued that the circuit court erred when it denied his

Motion to Dismiss because the photographs at issue may have been exculpatory.

*Id.* at App. S.  On November 14, 2006, the Intermediate Court of Appeals of the

State of Hawaii ("ICA"), affirmed the circuit court.  *Id.* at App. V.  The Hawaii

Supreme Court denied certiorari on April 10, 2007.  *Id.* at App. X.

On June 30, 2008, Steger initiated the instant habeas action.  On

October 23, 2008, Steger filed his Second Amended Petition which sets forth one

ground for relief, that his due process rights under the Hawaii State Constitution and the United States Constitution were violated because the State lost or destroyed potentially exculpatory evidence.  Sec. Amd. Pet. at 6.

## II.  <u>LEGAL STANDARD</u>

A district court may not grant a petition challenging a state conviction or sentence on the basis of a claim that was reviewed on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d); *see also Williams v. Taylor*, 529 U.S. 362, 402-04 (2000).  For purposes of § 2254(d)(1), "[c]learly established Federal law" is "the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision[,]" *Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003) (citations omitted), and refers to the holdings, rather than the dicta, of the Supreme Court's decisions.  *See Williams*, 529 U.S. at 412.

Under the "contrary to" clause of § 2254(d)(1), a federal court may grant relief only when the state court "arrives at a conclusion opposite to that

reached by [the United States Supreme Court] on a question of law or if the state

court decides a case differently . . . on a set of materially indistinguishable facts."

*Williams*, 529 U.S. at 412-13.

Under the section's "unreasonable application" clause, a federal court

may grant relief only "if the state court identifies the correct governing legal

principle . . .  but unreasonably applies that principle to the facts of the prisoner's

case." *Id.* at 413.  The "unreasonable application" clause of § 2254(d)(1) applies if

the state court cited the correct Supreme Court principles, but applies it to the facts

of the prisoner's case in an unreasonable manner.  *See id.* at 407.  In order to be an

unreasonable application of federal law, the state court's application must be

"objectively unreasonable."  *Id.* at 409.  Although only Supreme Court caselaw is

binding, Ninth Circuit precedent is "relevant persuasive authority in determining

whether a state court decision is objectively reasonable."  *Chia v. Cambra*, 360

F.3d 997, 1002-03 (9th Cir. 2004) (citation and quotation marks omitted).

## III.  <u>DISCUSSION</u>

Steger sets forth one ground for relief in his Second Amended

Petition, that is, that his due process rights to a fair trial were violated because the

State lost or destroyed potentially exculpatory evidence.

"It is well-established [ ] that the State violates due process when it

6

suppresses or fails to disclose material exculpatory evidence." *Richter v. Hickman*, 521 F.3d 1222, 1234 (9th Cir. 2008) (citing *Brady v. Maryland*, 373 U.S. 83, 87 (1963)) (further citations omitted).  For the *Brady* standard to apply, however, the evidence at issue "must . . . possess an exculpatory value that was apparent before the evidence was [lost]." *California v. Trombetta*, 467 U.S. 479, (1984).  Further, "failure to preserve 'potentially useful' evidence does not constitute a due process violation unless the defendant can show bad faith on the part of the police." *Richter*, 521 F.3d at 1234 (citing *Youngblood*, 488 at 58); *see also United States v. Estrada*, 453 F.3d 1208, 1212 (9th Cir. 2006) (drawing a distinction between "potentially exculpatory" and "apparently exculpatory" evidence).

Here, the circuit court held a pre-trial evidentiary hearing, and found that there was no evidence presented showing that the loss of the photographs depicting the drugs in Steger's bag was intentional or in bad faith.  The ICA affirmed this holding, and observed that Steger did not dispute that the photographs were inadvertently lost.  The Hawaii Supreme Court affirmed this finding.  Steger did not argue bad faith on the part of the police in his Motion to Dismiss, and does not do so now.

As in *Trombetta* and *Youngblood*, the evidence here was lost before its inculpatory or exculpatory value could be conclusively determined by the trial

7

court.  Officer Esperanza, however, clearly believed that the photographs were, in fact, inculpatory, as he testified that the photographs showed drugs in Steger's bag. If so, there is no logical reason for the police to destroy the evidence in bad faith, as it tended to incriminate Steger, and the evidence did not possess an exculpatory value apparent before it was lost.  *See Youngblood*, 488 U.S. at 56.   Even accepting Steger's account, that the lost photographs would have shown that the drugs found in the apartment were not found in his bag, Steger fails to show that this would have been exculpatory.  As the circuit court noted, Steger was free to argue this at trial – as he does not explain why the drugs were found in the apartment at all.

Even now, Steger fails to present any evidence disputing the circuit court's finding, other than his own self-serving allegation that the loss was either "intentional or negligent."  Sec. Amd. Pet. at 6.

Applying the *Trombetta-Youngblood* rule here, this court finds no evidence in the record of bad faith on the part of the police or the prosecution. Esperanza testified that he took photographs of the four bags of crystal methamphetamine in Steger's bag.  The prosecution fully disclosed the nature and location of the evidence to Steger.  At worst, the Maui police department's  actions can be described as negligent for losing the photographs.  Steger was not, however,

denied due process of law, and the state court's denial of the Motion to Dismiss, and later relief on direct appeal on this ground was neither contrary to nor an unreasonable application of federal law.  Accordingly, the court FINDS and RECOMMENDS that the Second Amended Petition be DENIED and dismissed with prejudice.

IT IS SO FOUND AND RECOMMENDED.

Dated: Honolulu, Hawaii, March 6, 2009.



Kevin S.C. Chang
United States Magistrate Judge

*Steger v. Thomas*, Civ. No. 08-00305 SOM-KSC: ORDER TO SHOW CAUSE AND ANSWER SECOND AMENDED  PETITION; prose attorneys\Habeas\hmg\2009\Steger 08-305 SOM (F&R dsm pet)