IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| KURTIS LEE STEGER, | ) | Civ. No. 08-00305 SOM/KSC |
| | ) | |
| Petitioner, | ) | |
| | ) | ORDER ADOPTING FINDINGS AND |
| vs. | ) | RECOMMENDATION TO DENY SECOND |
| | ) | AMENDED PETITION |
| TODD THOMAS, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

ORDER ADOPTING FINDINGS AND RECOMMENDATION
TO DENY SECOND AMENDED PETITION

I.      INTRODUCTION.

In 2004, Petitioner Kurtis Lee Steger was convicted of drug-related offenses in the Hawaii state-court system.

On October 28, 2008, Steger filed a Second Amended Petition under 28 U.S.C. § 2254, raising a single ground for relief. Steger argues that the State of Hawaii improperly lost or destroyed exculpatory evidence before his trial.

On March 6, 2009, Magistrate Judge Kevin S.C. Chang filed his Findings and Recommendation to Deny Second Amended Petition ("F&R"). Magistrate Judge Chang found that Steger's claim lacked merit and recommended that this court deny the Second Amended Petition.

On March 23, 2009, Steger filed a document titled "Notice of Appeal and Motion for Certificate of Appealability." Most of the document indicates that Steger wishes to appeal his case to the Ninth Circuit Court of Appeals. On page 9 of the

document, Steger argues that the court erred in determining that the lost photographs did not support § 2254 relief. This court construes that part of the March 23, 2009, filing to be both an objection to the F&R and a premature notice of appeal. Magistrate Judge Chang's F&R is a careful and well-reasoned analysis of the issue raised in the Second Amended Petition. After de novo review, this court adopts the F&R and denies the Second Amended Petition.

The Clerk of Court is ordered to file judgment in favor of Respondent Todd Thomas.

II.     STANDARD OF REVIEW.

Steger requests relief under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2254. See Second Amended Petition (Oct. 28, 2008). The AEDPA imposes a "highly deferential standard for evaluating state-court rulings." Lindh v. Murphy, 521 U.S. 320, 334 (1997); Clark v. Murphy, 331 F.3d 1062, 1067 (9th Cir. 2003). Under § 2254(d):

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

>    (2) resulted in a decision that was based on
>    an unreasonable determination of the facts in
>    light of the evidence presented in the State
>    court proceeding.

28 U.S.C. § 2254(d).

On March 6, 2009, Magistrate Judge Chang issued his F&R.  This court reviews <u>de novo</u> those portions of the F&R to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendation made by the Magistrate Judge.  The court may also receive further evidence on the matter or recommit it to the Magistrate Judge with instructions.  The court may accept those portions of the Magistrate Judge's findings and recommendation that are not objected to if it is satisfied that there is no clear error on the face of the record.  <u>See</u> 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); Local Rules 72.5 and 74.2; <u>Int'l Longshore & Warehouse Union, Local 142, AFL-CIO v. Foodland Super Market Ltd.</u>, 2004 WL 2806517, *1 (D. Haw. Sept. 15, 2004); <u>Stow v. Murashige</u>, 288 F. Supp. 2d 1122, 1127 (D. Haw. 2003), <u>aff'd</u>, 389 F.3d 880 (9th Cir. 2004); <u>Abordo v. State of Hawaii</u>, 902 F. Supp. 1220 (D. Haw. 1995); <u>see also</u> <u>Campbell v. United States Dist. Court</u>, 501 F.2d 196, 206 (9th Cir. 1974).

II.      BACKGROUND FACTS.

The court adopts and incorporates the facts set forth in the F&R, as Steger has not objected to the underlying facts determined by Magistrate Judge Chang.  As described in detail in the F&R, Steger was convicted of drug-related offenses arising out of drugs found by Maui Police Department officers in Steger's apartment.  Officer Randy Esperanza testified that he found the drugs in a black bag located in Steger's apartment.  Esperanza took photographs of the bag and the drugs found in it, but the photos were somehow misplaced.  There is nothing in the record indicating that the photos were intentionally lost or destroyed in bad faith.

III.     ANALYSIS.

In the only claim asserted in the Second Amended Petition, Steger asserts that, prior to his state-court trial, the state lost or destroyed photographs of the crime scene.  Steger contends that, if the court accepts that the photographs would have demonstrated that the drugs were not found in his bag, he might not have been convicted of possessing the drugs.  This contention does not justify § 2254 relief.

Steger fails to demonstrate that his state court conviction in light of the misplaced photos was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United

States, or that it was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.  See 28 U.S.C. § 2254(d).  In his Reply, Steger cites to testimony by Officer Maeda, who indicated that the drugs were found in the bag or next to the bag on the living room floor.  See Reply (Jan. 23, 2009) at 9 (Document No. 33).  Even assuming that the photographs would have established that the drugs were not found in Steger's bag, Steger has not explained why the photographs would have been exculpatory, as the photographs apparently would have shown that the drugs were found somewhere in Steger's apartment.

A state "violates due process when it suppresses or fails to disclose material exculpatory evidence."  Richter v. Hickman, 521 F.3d 1222, 1234 (9th Cir. 2008) (citing Illinois v. Fisher, 540 U.S. 544, 547 (2004), and Brady v. Maryland, 373 U.S. 83, 87 (1963)).  The evidence must possess an exculpatory value that was apparent before it was lost or destroyed, and a state's failure to preserve "potentially useful" evidence does not constitute a due process violation unless the defendant shows bad faith on the part of police.  Richter, 521 F.3d at 1234.

Citing Brady v. Maryland, 373 U.S. 83 (1963), Steger argues that his trial was fundamentally unfair because he did not have photographs that would have impeached Officer Esperanza's testimony that the drugs were found in Steger's bag.  This court

5

disagrees.  If the photographs showed that the drugs were found in Steger's bag, they would have been inculpatory.  If, on the other hand, the drugs were found outside of Steger's bag, but in his apartment (for example, on the kitchen counter where Steger's cellular phone was found, or on the living room floor where Steger slept), the photographs of the drugs would have still been inculpatory.  At most, Officer Esperanza's testimony would have been slightly impeached, as he would have incorrectly testified about the location of the drugs.  However, the location of the drugs elsewhere in Steger's apartment could have still suggested that Steger possessed the drugs, as no explanation was provided as to why the drugs were in Steger's apartment at all.  Given the inculpatory nature of the photographs as well as Steger's failure to show that the officers acted in bad faith, Steger fails to establish a due process violation.  See Ricter, 521 F.3d at 1234.  Steger therefore fails to establish entitlement to relief under 28 U.S.C. § 2254.

IV.     CONCLUSION.

For the foregoing reasons, the court adopts the F&R. Steger's § 2254 Petition is denied.  The Clerk of Court is directed to enter judgment against Steger and to close this case.

Although Steger filed his "Notice of Appeal" to the Ninth Circuit Court of Appeals prematurely on March 23, 2009, that Notice of Appeal will be deemed to have been filed on the day judgment is entered in this case.  See Stephanie-Cardona LLC v. Smith's Food & Drug Ctrs., Inc., 476 F.3d 701, 704 (9th Cir. 2007) ("Even though it was filed before entry of judgment and therefore premature, Fed. R. App. P. 4(a)(2) treats such notices of appeal as filed on the day judgment is entered."); Fed. R. App. P. 4(a)(2) ("A notice of appeal filed after the court announces a decision or order--but before the entry of the judgment or order--is treated as filed on the date of and after the entry.").

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, March 30, 2009.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

Steger v. Thomas, Civ. No. 08-00305 SOM/KSC; ORDER ADOPTING FINDINGS AND RECOMMENDATION TO DENY SECOND AMENDED PETITION

7